CORRECTED

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-1661V

|  |  |
|---|---|
| ANTHONY FLORES,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br><br>Filed: October 12, 2023 |

*Justin Aaron Smith, Sloan Bagley Hatcher & Perry Law Firm, Longview, TX, for Petitioner.*

*Claudia Barnes Gangi, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION AWARDING DAMAGES[1]

On August 4, 2021, Anthony Flores filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine he received on October 24, 2019. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 8, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation. On October 11, 2023, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded a total of $130,744.23, consisting of $122,000.00 in pain and suffering, $211.50, in past unreimbursable expenses, and $8,532.73 in lost earnings. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $130,744.23 (consisting of $122,000.00 in pain and suffering, $211.50, in past unreimbursable expenses, and $8,532.73 in lost earnings) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

ANTHONY FLORES,

     Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

     Respondent.

No. 21-1661V
ECF

Chief Special Master Corcoran
Special Processing Unit (SPU)

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On August 4, 2021, Anthony Flores ("petitioner") filed a petition for compensation under

the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act"

or "Act"), alleging that he suffered from Guillain-Barré syndrome ("GBS") as a result of an

influenza ("flu") vaccine administered on October 24, 2019. Petition at 1. On September 8,

2022, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report

indicating that this case is appropriate for compensation under the terms of the Act for a GBS

Table injury. ECF No. 29. That same day, the Chief Special Master issued a Ruling on

Entitlement finding petitioner entitled to compensation. ECF No. 30.

## I.  Items of Compensation

### A.  Pain and Suffering

Respondent proffers that petitioner should be awarded $122,000.00 in pain and suffering.

*See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

### B.  Past Unreimbursable Expenses to Petitioner

Evidence supplied by petitioner documents that he incurred past unreimbursable expenses

related to his vaccine-related injury. Respondent proffers that petitioner should be awarded past

unreimbursable expenses in the amount of $211.50.  *See* 42 U.S.C. § 300aa-15(a)(1)(B).

Petitioner agrees.

C.     Lost Earnings

The parties agree that based upon the evidence of record, petitioner has suffered a past loss of earnings as a result of his vaccine-related injury.  Therefore, respondent proffers that the Court should award petitioner a lump sum of $8,532.73 for his lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A).  Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.     **Form of the Award**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]:  a lump sum payment of $130,744.23, in the form of a check payable to petitioner.

## III.     **Summary of Recommended Payments Following Judgment**

Lump sum payable to petitioner, Anthony Flores:     **$130,744.23**

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

DARRYL R. WISHARD
Assistant Director
Torts Branch, Civil Division

s/ *Claudia B. Gangi*
CLAUDIA B. GANGI
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Ben Franklin Station
Washington, DC 20044-0146
Tel.: (202) 616-4138
claudia.gangi@usdoj.gov

DATED: October 11, 2023